NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-604

JEFFREY STREVA

VERSUS

RYAN CHERAMIE, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 85668
HONORABLE ANTHONY THIBODEAUX, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.

AFFIRMED.

Jason A. Camelford
Jonathan D. Lewis
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street, 40th Floor
New Orleans, Louisiana  70139
(504) 525-6802
Counsel for Defendant/Appellant:
     Ryan T. Cheramie

Lloyd T. Bourgeois, Jr.
Nicole Dufrene Streva
Ramsey, Skiles, Streva & Bourgeois
1915 Highway 182 East
Morgan City, Louisiana  70380
(985) 395-9247
Counsel for Plaintiff/Appellee:
     Jeffrey Streva

**KEATY, Judge.**

Defendant/Appellant appeals a trial court judgment that denied his Motion to Nullify Judgment and in the Alternative for Motion for New Trial regarding a previously rendered judgment confirming a default against him. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

Jeffrey Streva filed a Petition for Damages against Ryan Cheramie on August 7, 2017, to recover for injuries he sustained as a result of his having been hit by a vehicle driven by Cheramie while jogging on August 16, 2016. Streva obtained a Preliminary Default against Cheramie on October 5, 2017, after pleading that domiciliary service was effected on Cheramie on August 20, 2017, and that Cheramie had failed to file any answer or responsive pleadings. On October 19, 2017, Streva filed a Motion Order for Confirmation of Default Judgment and to Set for Trial in which he again pled that no answer or other responsive pleadings had been filed. The trial court granted Streva's motion on October 20, 2017, and ordered Cheramie to show cause on November 29, 2017, why judgment should not be granted in favor of Streva. A bench trial on the merits for confirmation of the previously rendered default judgment took place on November 29, 2017. Cheramie was not in attendance. On December 11, 2017,[1] upon consideration of "the facts and evidence presented at trial," the trial court signed a judgment (hereafter the Default Judgment) awarding Streva $10,000.00 in general damages and $11,798.80 in special damages for the medical expenses that he incurred in the August 2016 accident. On that same date, Cheramie, in proper person, filed an Answer in which he generally denied the allegations made in Streva's petition.

---

[1] The Default Judgment is stamped by the St. Martin Parish Deputy Clerk of Court indicating that the document was received and filed on December 7, 2017, at 9:14 a.m.

Several weeks later, on December 27, 2017, Cheramie, in proper person, filed a Motion to Nullify Judgment and in the Alternative for Motion for New Trial[2] (Motion to Nullify), which the trial court set for hearing on February 9, 2018. Four days before the hearing, Cheramie filed a motion to enroll as counsel of record and an unopposed motion to continue, asserting that he had recently retained counsel who needed additional time to prepare for the hearing on his Motion to Nullify. The trial court granted Cheramie's request and rescheduled the hearing to March 27, 2018. The hearing went forward as scheduled with both parties represented by counsel. After entertaining oral argument, the trial court denied Cheramie's Motion to Nullify in open court.[3] On April 26, 2017, Cheramie filed a notice of intent to seek a suspensive appeal from the yet-to-be-signed judgment. Written judgment memorializing the trial court's March 27, 2018 ruling was signed on May 3, 2018. Cheramie is now before this court, asserting in his sole assignment of error that the trial court erred in denying his Motion to Nullify.[4]

## DISCUSSION

"The nullity of a final judgment may be demanded for vices of either form or substance[.]" La.Code Civ.P. art. 2001. Louisiana Code of Civil Procedure Article 2002(A) (emphasis added), which relates to vices of form, provides, in pertinent part:

> A. A final judgment shall be annulled if it is rendered:
>
> . . . .

---

[2] Despite the formal title of his December 27, 2017 pleading, Cheramie failed to assert any grounds upon which a new trial should be granted.

[3] At the March 27, 2018 hearing, the trial court stated that it was denying Cheramie's motion for new trial because it was untimely filed and because Cheramie failed to plead any grounds upon which a new trial should be granted.

[4] Cheramie's appellant brief does not contain argument regarding the denial of his motion for new trial. Accordingly, we consider as abandoned any issues arising from that portion of the appealed judgment. *See* Uniform Rules—Courts of Appeal, Rule 2–12.4.

(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, **or against whom a valid final default judgment has not been taken**.

(3) By a court which does not have jurisdiction over the subject matter of the suit.

The facts in this matter are not in dispute. Instead we must decide whether the trial court correctly applied La.Code Civ.P. art. 2002(A)(2) in denying Cheramie's Motion to Nullify.

> Statutory interpretation is a question of law. We review questions of law de novo without deference to the lower court's decision. *Louisiana Municipal Assoc. v. State,* 04-227 (La.1/19/05), 893 So.2d 809. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written," without further interpretation into the legislative intent. *Id.* at 837. Further, each word in a statute is presumed to be effective and serve a useful purpose; therefore, we will give effect to all parts of a statute, understood as a whole.

*Mouton v. Lafayette Physical Rehab. Hosp.*, 13-103, pp. 2-3 (La.App. 3 Cir. 6/5/13), 114 So.3d 626, 628.

The basis of Cheramie's Motion to Nullify was that he was improperly served with the Petition. More specifically, Cheramie claimed that because service was made upon his father-in-law, Ricky Moran, who was not a resident of his household, the default judgment rendered against him was invalid and should be annulled. On appeal, Cheramie contends that "he was never properly under the jurisdiction of the trial court" because he was not properly served. As a result, he claims that the trial court erred in rendering the Default Judgment against him.

In its opposition to the Motion to Nullify, Streva agreed that domiciliary service was effected upon Ricky Moran. Nevertheless, Streva asserted that where Mr. Moran resided at the time he accepted service of the petition remained in dispute. Citing La.Code Civ.P. arts. 925 and 928, Streva pointed out that objections of insufficiency of citation or service of process are declinatory exceptions that are

3

waived if not "pleaded prior to or in the answer" and "prior to the signing of final default judgment." Because Cheramie failed to file any responsive pleadings before the November 29, 2017 trial, Streva insisted that the Default Judgment was properly rendered against him. Streva noted that a court can exercise jurisdiction over a person who waives their right to object to the lack of personal jurisdiction by failing to timely file a declinatory exception. *See* La.Code Civ.P. arts. 6(A)(3) and 925(A)(5). He additionally asserted that Cheramie waived his right to assert exceptions of insufficiency of citation or service of process because he failed to include them in the Answer he filed on December 11, 2017. Because a "valid final default judgment" had been taken against Cheramie, Streva maintained that Cheramie was precluded from seeking to annul the Default Judgment under the grounds found in La.Code Civ.P. art. 2002(A)(2). As a result, Streva submitted that whether Mr. Moran resided with Cheramie at the time the petition was served is of no moment.

At the March 27, 2018 hearing on his Motion to Nullify, Cheramie argued the Default Judgment should be annulled because any default judgment rendered against a defendant who had "not been served with process as required by law" was necessarily invalid. La.Code Civ.P. art. 2002(A)(2). The trial court rejected Cheramie's argument on the basis that it had to apply the law as written. In doing so, the trial court pointed out that the word "or" in "[a]gainst a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, **or** against whom a valid final default judgment has not been taken[,]" would be rendered meaningless if it were to adopt Cheramie's argument. *Id.* (emphasis added).

After having performed a de novo review of the matter before us, we are convinced that the trial court's application of La.Code Civ.P. art. 2002(A)(2) was

4

correct. Here, a default judgment was confirmed against Cheramie in open court on November 29, 2017. Thereafter, Cheramie answered the petition without including any declinatory exception, thereby waiving his right to later object on the grounds of insufficiency of citation or service of process or of lack of personal jurisdiction. Therefore, under the plain wording of both parts of La.Code Civ.P. art. 2002(A)(2), Cheramie was precluded from seeking to annul the Default Judgment for any vice of form. Our holding is bolstered by Section (d) of the 1960 Official Revision Comments to Article 2002, which provides, in pertinent part, that the "article covers judgment rendered in cases where there was no citation at all, cases involving defective citation, and cases where the defendant did not effect a waiver of service and citation by making a general appearance." The trial court did not err in denying Cheramie's Motion to Nullify.

## DECREE

For the foregoing reasons, the judgment of the trial court denying Defendant/Appellant, Ryan Cheramie's Motion to Nullify Judgment is affirmed, and all costs of this appeal are assessed against him.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.